IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PHILLIP WADE SCHINDLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-135-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner PHILLIP WADE SCHINDLER. [ECF 3]. For the reasons set forth below, the undersigned finds petitioner's motion to vacate should be dismissed.

I.
PROCEDURAL HISTORY

On May 17, 2013, petitioner pled guilty, pursuant to a Plea Agreement, to the felony offense of distribution of and possession with intent to distribute 9.3 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *United States v. Schindler*, No. 2:12-CR-9(01) [ECF 182, 183]. On July 26, 2013, an Addendum to the Presentence Report was filed recommending an advisory Guideline Imprisonment Range of 27 to 33 months based on a Total Offense Level of 12 and a Criminal History Category of V. [ECF 192-1]. On August 16, 2013, the district judge sentenced petitioner to a term of 33 months imprisonment for the distribution offense, a sentence at the top of the advisory guideline

range, and entered a corresponding Judgment.[1]  [ECF 194, 195].  Petitioner did not file a direct appeal of his conviction and sentence.[2]

On July 24, 2017, petitioner, confined in a Federal Correctional Institution of the Federal Bureau of Prisons (BOP) and proceeding *pro se*, purportedly placed the instant motion to vacate in the prison mailing system, said motion being received by the Court and filed stamped July 27, 2017.  [ECF 204].  Petitioner's motion was assigned the above-referenced civil cause number and filed therein.  [ECF 3].

On August 28, 2017, petitioner filed *Defendant's Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)* in his criminal case seeking a modification of his imposed 33-month term of imprisonment based on Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014 but retroactively applies to cases sentenced prior to that date.  [ECF 205].  On October 16, 2017, the United States District Judge denied petitioner's section 3582 motion stating:

> Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) based on Guideline Amendment 782 is denied because Amendment 782 does not have the effect of lowering the defendant's applicable guideline range. The base level guideline for the amount of heroin possessed by defendant SCHINDLER remains the same as when he was sentenced in 2013.

On June 5, 2018, respondent filed a response to petitioner's motion to vacate in the instant civil case opposing relief and requesting dismissal of petitioner's motion.  [ECF 9].

II.
PETITIONER'S GROUNDS

In his motion to vacate, petitioner does not challenge his conviction or the resulting sentence,

---

[1] At the time of petitioner's federal sentencing, petitioner was under indictment in Randall County, Texas on charges of tampering/fabricating physical evidence, *State v. Schindler*, No 23, 198-C, and capital murder, *State v. Schindler*, No. 23,291-C.

[2] On November 6, 2013, petitioner was convicted in the 251st Judicial District Court of Randall County, Texas of the second degree felony offense of manslaughter and assessed a 12-year sentence to commence that same date.  *State v. Schindler*, No. 24,781-C.  It appears petitioner was in state custody in the state prison system pursuant to this sentence and/or other state sentences until on or about April 1, 2016.

nor does he contend either his conviction or sentence was imposed in violation of the United States Constitution or laws of the United States. Instead, he requests:

1. a sentence reduction under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 to the United States Sentencing Guidelines that provides a basis for reducing the base offense level in the drug quantity tables; and

2. a 5-month time credit toward his 33-month federal sentence for time he spent in Randall County Jail (presumably for time in state custody after the filing of the complaint in his federal criminal case until his federal sentencing hearing).

### III.
### FIRST CLAIM IS MOOT

By his first ground, petitioner requests this Court reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 to the United States Sentencing Guidelines. As noted above, after filing the instant 2255 motion to vacate, petitioner filed a motion pursuant to section 3582(c)(2) for a sentence modification [ECF 205]. In response to petitioner's section 3582 motion, this Court applied Amendment 782 to petitioner's guideline calculations but determined the advisory guideline range was unaffected. Consequently, this Court denied petitioner's section 3582 motion. [ECF 206]. As this Court has previously considered and ruled on the merits of this issue, to the extent such issue is even appropriate in this proceeding, there is nothing left to determine and no relief to be granted. Petitioner's first claim is moot and should be dismissed.

### IV.
### SECOND CLAIM SHOULD BE DISMISSED

By his second ground, petitioner requests that five (5) months of time be credited toward his federal sentence for time he served in Randall County Jail in state custody prior to his federal sentencing hearing. Petitioner contends he is entitled to a credit for such time because the district judge told him "at [his] hearing" that he would receive "time served" for such time. [ECF 3 at 5].

As correctly argued by the Government [ECF 9 at 3], petitioner's state-custody-credit claim should have been brought in a petition under 28 U.S.C. § 2241 filed in the federal jurisdictional district

where petitioner was located at the time of filing (Sheridan, Oregon), rather than in a section 2255 motion to vacate filed with this Court as the sentencing court as petitioner did here. Petitioner's time credit claim is improper in this section 2255 proceeding and should be dismissed.

In the interest of justice, the undersigned has considered alternatives to dismissing petitioner's claim. On August 22, 2018, petitioner was released from the BOP, is no longer incarcerated pursuant to his federal sentence and, in fact, finished serving his 33-month term of federal imprisonment.[3] To the extent petitioner was seeking release from confinement by this time credit claim, although properly raised only in a 2241 petition, his claim is now moot. After his release, however, petitioner began serving and is currently serving his 3-year term of supervised release. The possibility that a district court may alter a defendant's period of supervised release pursuant to 18 U.S.C. § 3583(e)(2) if it determines he has served excess prison time prevents a time credit claim from being moot while serving a term of supervised release. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006).[4] Therefore, petitioner's release from actual confinement alone does not make this time credit claim moot.

Whether a petitioner has served excess prison time under 18 U.S.C. § 3583 is a determination to be made by the sentencing court. *See Lawson v. Berkebile*, 308 Fed.Appx. 750, 752 (5th Cir. Jan. 26, 2009). However, a sentencing court can transfer jurisdiction over a person on supervised release to another court pursuant to 18 U.S.C. § 3605. Here, jurisdiction over petitioner's supervised release has been transferred to the United States District Court for the Western District of Washington, Everett Division. *United States v. Schindler*, No. 2:12-CR-9 (01) [ECF 210]. Therefore, petitioner's time credit claim, to the extent not moot, could arguably be brought in a section 2241 petition[5] or a motion under 18 U.S.C. § 3583 in that court.

---

[3] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.

[4] The statute specifically provides the court may "extend a *term* of supervised release" and "may modify, reduce, or enlarge the *conditions* of supervised release." Interestingly, however, *Johnson* specifically found the court's ability to "alter" a "period" of supervised release, presumably by reducing the *term* for excess prison time the court possibly determined the petitioner had served, prevented the petition from being moot.

[5] Of course, any section 2241 petition would also be subject to a 1-year statute of limitation presumably running from the date petitioner discovered or could have discovered the factual predicate of his time credit claim through the exercise of due diligence.

However, the undersigned has reviewed the criminal proceedings in *United States v. Schindler*, No. 2:12-CR-9 (01), including but not limited to the district judge's May 17, 2013 *Order Accepting Plea & Plea Agreement* [ECF 186], the transcript from the May 17, 2013 Rearraignment [ECF 207], the transcript from the Sentencing Hearing [ECF 208], the Judgment [ECF 195], and the Statement of Reasons [ECF 196], and finds absolutely no reference to any period of time served by petitioner in Randall County Jail, much less any guarantee by the district judge that petitioner's federal sentence would be credited with such time spent in state custody.  Consequently, petitioner's claim that a 5-month time credit should have been applied toward his federal sentence appears to be conclusory, not factually supported by anything in the record, and subject to denial on the merits.  Therefore, the undersigned finds petitioner's state-custody-credit claim should not be severed into another proceeding and transferred to another court with jurisdiction but, instead, should be dismissed.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF 3] filed by petitioner PHILLIP WADE SCHINDLER be DISMISSED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 11, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).